UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD M. DAVIS,

     Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

     Defendants.

U.S.D.C. No.
Hon.

Lower Case No. 10-014764-CD

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:     (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:     (248) 901-4040 |

**NOTICE OF FILING REMOVAL**

**NOTICE OF REMOVAL TO FEDERAL COURT**

**VERIFICATION**

**CERTIFICATE OF SERVICE**

Respectfully submitted,

PLUNKETT COONEY

By:  /s/Mary P. Cauley
    Mary Patricia Cauley
    Attorneys for Defendants
    38505 Woodward Ave., Suite 2000
    Bloomfield Hills, MI 48304
    (248) 901-4000
    mcauley@plunkettcooney.com
    P38548

DATED:  January 13, 2011

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

      Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

      Defendants.

U.S.D.C. No.
Hon.

Lower Case No. 10-014764-CD

_____/

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:  (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:  (248) 901-4040 |

_____/

## **NOTICE OF FILING REMOVAL**

PLEASE TAKE NOTICE THAT Defendants, Cooperative Optical Services, Inc., Co/Op

Optical Services, Inc., Efficient & Reliable of Michigan, Inc. and ESOP Trust ("Defendants"),

have this day, filed a Notice of Removal, a copy of which is attached hereto, in the offices of the

Clerk of the United States District Court, Eastern District of Michigan, Southern Division.

Respectfully submitted,

PLUNKETT COONEY

By: /s/Mary P. Cauley
    Mary Patricia Cauley
    Attorneys for Defendants
    38505 Woodward Ave., Suite 2000
    Bloomfield Hills, MI 48304
    (248) 901-4000
    mcauley@plunkettcooney.com
    P38548

DATED: January 13, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD M. DAVIS,

      Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

      Defendants.

U.S.D.C. No.
Hon.

Lower Case No. 10-014764-CD

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:     (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:     (248) 901-4040 |

## **NOTICE OF REMOVAL TO FEDERAL COURT**

TO:    Clerk of the Court
        Chui Karega
        Attorneys for Plaintiff

      Defendants, Cooperative Optical Services, Inc., Co/Op Optical Services, Inc., Efficient &

Reliable of Michigan, Inc. and ESOP Trust ("Defendants"), by their attorneys, Plunkett Cooney,

remove this action from the Wayne County Circuit Court to the United States District Court for

the Eastern District of Michigan, Southern Division.  In support of this Notice of Removal,

Defendants state:

1.      On or about December 20, 2010, this action was commenced against Defendants in the Wayne County Circuit Court.

2.      A copy of the Summons and Complaint are attached as **Exhibit A**.

3.      The Summons and Complaint was received by Defendants on or about December 22, 2010.

4.      The documents attached as **Exhibit A** constitute all pleadings and discovery received by Defendants and/or otherwise of record in this action.

5.      This case is a civil action of which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's Complaint purports to assert a federal cause of action against Defendants arising out of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*.  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.  The case is, therefore, removable pursuant to 28 U.S.C. § 1441.

6.      A Notice of Filing Removal and a copy of this Notice of Removal to Federal Court will be filed promptly with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of the same have been served upon Plaintiff's counsel as verified by the attached proof of service.

8.      Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq*.

**WHEREFORE**, Defendants request that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

2

Respectfully submitted,

PLUNKETT COONEY


By:  /s/Mary P. Cauley
      Mary Patricia Cauley
      Attorneys for Defendants
      38505 Woodward Ave., Suite 2000
      Bloomfield Hills, MI 48304
      (248) 901-4000
      mcauley@plunkettcooney.com
      P38548

DATED:  January 13, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD M. DAVIS,

      Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

      Defendants.

U.S.D.C. No.
Hon.

Lower Case No. 10-014764-CD

| | |
|---|---|
| CHUI KAREGA (P27059)<br>LAW OFFICES OF CHUI KAREGA<br>Attorneys for Plaintiff<br>19771 James Couzens Highway<br>Detroit, MI 48235-1977<br>Phone:  (313) 864-0663<br>Fax:     (313) 864-1056 | MARY PATRICIA CAULEY (P38548)<br>GARY W. FRANCIS (P64748)<br>PLUNKETT COONEY<br>Attorneys for Defendants<br>38505 Woodward Ave., Suite 2000<br>Bloomfield Hills, MI 48304<br>Phone:  (248) 901-4000<br>Fax:     (248) 901-4040 |

/

/

**VERIFICATION**

MARY P. CAULEY, first being duly sworn, states that she is the attorney for

Defendants, and that the foregoing Notice of Removal is true in substance and in fact to the best

of her knowledge, information and belief.

Respectfully submitted,

PLUNKETT COONEY

By: /s/Mary P. Cauley
    Mary Patricia Cauley
    Attorneys for Defendants
    38505 Woodward Ave., Suite 2000
    Bloomfield Hills, MI 48304
    (248) 901-4000
    mcauley@plunkettcooney.com
    P38548

DATED: January 13, 2011

Subscribed and sworn to before me
this 13th day of January 2011.

/s/Lori A. Mahlmeister
Notary Public
Macomb County, Michigan
Acting in Oakland County, Michigan
My Commission Expires: 11/12/2011

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD M. DAVIS,

      Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

      Defendants.

U.S.D.C. No.
Hon.

Lower Case No. 10-014764-CD

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:     (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:     (248) 901-4040 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of January 2011 a copy of the Notice of Filing Removal, Notice of Removal to Federal Court, Verification and this Certificate of Service were served upon the following parties either electronically or by depositing said copies in the U.S. Mail, postage prepaid:

Chui Karega (P27059)         and all parties who are registered
Law Offices of Chui Karega     ECF filers in this matter
19771 James Couzens Highway
Detroit, MI 48235-1977

Respectfully submitted,

PLUNKETT COONEY


By:__/s/Mary P. Cauley_____
    Mary Patricia Cauley
    Attorneys for Defendants
    38505 Woodward Ave., Suite 2000
    Bloomfield Hills, MI 48304
    (248) 901-4000
    mcauley@plunkettcooney.com
    P38548

DATED: January 13, 2011


Open.17606.10096.10629387-1

# Exhibit A

STATE OF MICHIGAN
THIRD CIRCUIT COURT



## SUMMONS AND RETURN OF SERVICE

**CASE NO.**   10-014764-CD

| COURT | COURT |
|---|---|
| ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | TELEPHONE NO. (313) 224- |

THIS CASE ASSIGNED TO JUDGE:   Prentis Edwards            Bar Number: 13114

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| DAVIS, BERNARD M | VS | COOPERATIVE OPTICAL SERVICES INC |

**PLAINTIFF'S ATTORNEY**

Karega, Chui
(P-27059)
19771 James Couzens Fwy
Detroit, MI 48235-1937
(313)  864-0663

| CASE FILING FEE | JURY FEE |
|---|---|
| Paid | No Jury Demand |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 12/20/2010 | 03/21/2011 | Felicia Reid |

*This summons is invalid unless served on or before its expiration date.   Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer ☐ pending.
I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

12/50/2010
Date _____     Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

        Plaintiff,

   -v-                    10-         -
                            Hon.

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, and
EFFICIENT & RELIABLE OF
MICHIGAN, INC., a Michigan
Corporation, and ESOP TRUST
jointly and severally,

        Defendants.

_____/

LAW OFFICES OF CHUI KAREGA
By: Chui Karega (P27059)
Attorney for Plaintiff
19771 James Couzens Highway
Detroit, Michigan 48235-1977
(313) 864-0663
_____/

# COMPLAINT

    NOW COMES Plaintiff, by and through attorney CHUI KAREGA
(P27059), as Complaint against the Defendants, jointly and
severally, states as follows:

## JURISDICTION AND VENUE

   1.  Original jurisdiction of this Court is proper pursuant to
laws of the state of Michigan, including, but not limited to, MCLA
600.605, and the Persons With Disabilities Civil Rights Act, as
amended, MCLA 37.1102, et seq.

   2.  Venue lies within the county of Wayne because all events

complained of in this action occurred in this county.

## THE PARTIES

4.   At all time material upon information and belief,
defendant Co/Op Optical Services, Inc., upon information and
belief, a Michigan corporation, is and has been the operator of
numerous retail outlets offering optical services and products to
the public throughout Wayne County, Michigan.

5.   At all times material, upon information and belief,
Defendant Efficient & Reliable of Michigan, Inc., is an Employee
Stock Ownership Plan corporation  through the ESOP Trust, which
participated in the employment of Plaintiff at Co/op Optical
Services.

6.   Plaintiff, at all times material, was qualified and
available for employment with Co/Op Optical Services, Inc., in the
capacity he was employed as Manager at the facility located in
Dearborn Heights, Wayne County, Michigan.

## FACTUAL ALLEGATIONS

7.   Plaintiff was employed with defendants as a manager in
defendants retail operations commencing 1993 through 1999 and
February, 2006.

8.   At all times material to these proceedings, Plaintiff
was never provided with verbal or written reprimand related to the
performance of work duties with defendants.

-2-

9.   During May, 2010 Plaintiff experienced an occupational injury in the employ of defendants.

10.  Plaintiff properly and timely notified defendants of the injury and treatment described in paragraph, 9, above.

11.  Following the occupational injury, Plaintiff requested leave from work pursuant to the Family Medical Leave Act of 1993, 29 USC 2601, et seq.

12.  Throughout May, 2010 defendants through their human resources department failed and refused to process the request of Plaintiff for Family Medical Leave.

13.  On or about the 17th day of May, 2010, Plaintiff's employment with defendants was in fact terminated.

**COUNT I**

**VIOLATION OF**
**FAMILY MEDICAL LEAVE ACT OF 1993**

14.  Plaintiff realleges paragraphs 1 through 13, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

15.  Pursuant to the Family Medical Leave Act of 1993, 29 USC 2601, et seq, as amended, defendants, and each of them, individually and collectively, were obligated to refrain adverse action against Plaintiff, including, but not limited to discharge, or other employment decision; involving wages, hours, or other

-3-

conditions of employment.

16.    Each Defendant breached the aforesaid duty to avoid unlawful discrimination in violation of the Family Medical Leave Act of 1993, 29 USC 2601, et seq by the acts and omissions described in the preceding paragraph.

17.    As a direct and proximate result of the discriminatory conduct of each defendant described above, Plaintiff suffered the indignity of discrimination; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

18.    As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE,  Plaintiff demands judgment against the Defendants for compensatory damages in such sum which is fair and just and in excess of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS along with punitive damages, taxable cost, interest thereon and attorneys fees.

-4-

## COUNT II

## VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT OF MICHIGAN

19.   Plaintiff realleges paragraphs 1 through 18, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

20.   Pursuant to the Persons With Disabilities Civil Rights Act of the state of Michigan, as amended, MCLA 37.1102, et seq defendants, and each of them, individually and collectively, were obligated to refrain from discriminating against persons on account, or perceived belief of, handicap or disability in terms of wages, hours, or other terms or conditions of employment.

21.   As a direct and proximate result of the conduct of each defendant described above, Plaintiff suffered the indignity of discrimination; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

22.   As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

   WHEREFORE,   Plaintiff demands judgment against the

-5-

Defendants for compensatory damages in such sum which is fair and just and in excess of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS along with with exemplary or punitive damages the taxable cost, interest thereon and attorneys fees.

LAW OFFICES OF CHUI KAREGA

                              /s/
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
19771 James Couzens Highway
Detroit, Michigan 48235-1937
Date: December 20, 2010          (313) 864-0663
                              chuikarega_wayne@comcast.net

-6-

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

        Plaintiff,

   -v-                       10-
                                  Hon.

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, and
EFFICIENT & RELIABLE OF
MICHIGAN, INC., a Michigan
Corporation, and ESOP TRUST
jointly and severally,

        Defendants.
_____/

LAW OFFICES OF CHUI KAREGA
By: Chui Karega (P27059)
Attorney for Plaintiff
19771 James Couzens Highway
Detroit, Michigan 48235-1977
(313) 864-0663
---------------------------/

# FIRST SET OF INTERROGATORIES TO DEFENDANTS

    **NOW COMES** counsel for Plaintiff, and hereby submits the
following set of Interrogatories pursuant to the Rule 34 of the
Federal Rules of Civil Procedure, as amended, to be answered by
defendant under oath, with the answers to be served upon the
undersigned attorney for Plaintiff(s) within thirty (30) days of
service hereof:

## INSTRUCTIONS AND DEFINITIONS

    When used in these Interrogatories, the term defendant or
any synonym therefore is intended to, and shall embrace each

defendant named in the caption of this matter; and include in addition to said defendant(s), all agents, servants, employees, attorneys, insurance representatives, other representatives, private investigators, or others who are in possession of or may have obtained information for or on behalf of defendant.

In answering these Interrogatories furnish all information available to defendant, including, but not limited to, information in the possession of its attorneys, its investigators, its officers, its agents, or persons acting in defendant's behalf. If the Interrogatories can be answered in full after exercising due diligence to secure the information, so state that information and answer the Interrogatories to the extent possible, specifying the inability to answer the remainder and stating whatever information or knowledge is available concerning the unanswered portion of the Interrogatory.

The Interrogatories which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any person(s) acting on behalf of the defendant may hereafter obtain which will augment, clarify or otherwise modify the answers to these Interrogatories now given.     Such

-2-

supplementary responses are to be filed and served upon counsel

for Plaintiff within fifteen (15) days after defendant knows or

should have known of such information.

As used herein, the following terms shall have the meaning

indicated below:

1.  Person(s) means a natural person(s),
    corporation, partnerships, sole
    proprietorship(s), union(s), association(s),
    federation(s), or any other kind of
    entity.

2.  Document means any printed, typewritten,
    handwritten, or otherwise recorded matter
    of whatever character, including, but
    without limitation, files, correspondence,
    contracts, agreements, letters, purchase
    order(s), memoranda, telegram(s), note(s),
    forms, catalogues, brochures, diaries,
    reports, calendars, inter-office communication(s)
    statement(s), jotting(s), announcement(s)
    deposition(s), affidavit(s), paragraph(s),
    tape recording(s), motion picture(s), and/or
    any carbon or photographic or control of the
    original. If any document relied upon in
    answer to any Interrogatory was, but is no
    longer in existence, state whether it is:

    a.  Missing or lost;
    b.  Destroyed;
    c.  Transferred voluntarily or
        involuntarily to others, and if so
        to whom, or;
    d.  Otherwise disposed of and in each
        instance explain the circumstances
        surrounding an authorization for
        such disposition thereof, and state
        the approximate date of disposition
        thereof.

-3-

3.   Identify means, with respect to a natural person:

    a.   His or her name;
    b.   His or her last known home address
       and telephone number;
    c.   His or her business address and
       telephone number;
    d.   The name or address of is or her
       employer;
    e.   His or her relationship to defendant.

4.   Identify means, with respect to a corporation,

Association or other entity:

    a.   The legal name under which such
       entity is incorporated or registered
       in the state of Michigan;
    b.   The state in which such entity is
       incorporated or registered, if not
       in the state of Michigan;
    c.   The full business address and
       telephone number of such entity; and
    d.   The officers of such entity.

5.   Identify means, with respect to documents:

    a.   The author thereof and the person(s)
       to whom the document was originally
       directed;
    b.   The source from whom the defendant
       obtained such document(s);
    c.   The date of each such document(s);
    d.   The current custodian of each such
       document(s);
    e.   The subject matter of each such document(s).

6.   Fringe benefit(s) means any benefits other than

wages, including, but not limited to:

    a.   Annual leave (vacation);

-4-

b.  Sick leave;
c.  Leave of absence;
d.  Sickness and Accident Insurance;
e.  Health screening;
f.  Life Insurance;
g.  Long term disability or
    income continuation protection;
h.  Accident death benefits;
i.  Retirement benefits;
j.  Longevity pay;
k.  Deferred Compensation;
l.  Paid holidays;
m.  Expense accounts;
n.  Employee tuition plan(s); or
o.  Profit sharing plan(s).

## INTERROGATORIES TO BE ANSWERED

1.   Identify the person(s) responsible for answering these Interrogatories.

ANSWER:


2.   For each period of time specified in answer to Interrogatory 2, above, state the date of hire, date of interview prior to being hired, and identify each person(s) that interviewed Plaintiff prior to being employed by defendant. Also identify each person who participated in the decision to employ Plaintiff.

ANSWER:

-5-

3.    State whether defendant periodically evaluates or appraises the performance of employees.   If the response is anything other than an unqualified no, state or provide:

        a.    How often said evaluation or appraisal
            takes place;
        b.    How long said evaluation or appraisal
            is maintained;
        c.    Identify each system of records where
            Employee evaluations are maintained.

ANSWER:

4.    State whether at any time since the date of hire of Plaintiff has defendant maintained employee disciplinary files or records.   If the response is anything other than an unqualified no, state or provide:

        a.    How long said files or records are
            maintained;
        b.    Identify each system of records or
            files maintained relative to employees.

ANSWER:

-6-

5.    State whether Plaintiff's employment with defendant was involuntarily discontinued, or was prevented from returning to work for violation of any rule, policy, or practice of defendant, identify with specificity, each such rule, policy, or practice; and state specifically, the concise conduct of Plaintiff which violated the rule, policy or practice.

ANSWER:

7.    Identify each person(s) who supplied information or documentary evidence supporting any conclusion that Plaintiff engaged in conduct which would justify Plaintiff's layoff or termination, or refusal to return to work.

ANSWER:

8.    State whether at any time during its existence has Any Defendant ever had any written rule, regulation, policy or prohibiting any employee from wearing any item or otherwise demonstrating support for a political candidate during the work day.  If the response is anything other than "no" state with particularly the following:

-7-

a. State the particular identification number of the policy;

b. Identify each and every person defendant believes is also aware of the alleged rule, regulation, policy or practice and the specific way which s/he became aware;

c. Identify each and every document which defendant relied upon in answering this Interrogatory;

d. State with specificity the particular rule, regulation, policy or practice;

e. Annex to the Answers to these Interrogatories, if you will do so without an Order of the Court, or a formal Request For Production For Documents, each and every document identified in response to this Interrogatory and each and every other document which relates or refers to the Answers To Interrogatories in whole or in part, or which contains any information relative thereto.

ANSWER:

9. State whether any person employed by the defendant, other than Plaintiff, has ever been laid off or terminated, or not allowed to return to work, at any time since the date of hire of Plaintiff, for the same or similar circumstances or conduct for which Plaintiff was laid off or terminated, or not allowed to return to work.

ANSWER:

-8-

10.   State the date that defendant learned of any alleged misconduct of Plaintiff which resulted in or contributed to the layoff or termination of Plaintiff's employment, or not allowing her to return to work with defendant during or about the last date of employment of Plaintiff.   State with particularly:

      f.   How defendant beware of the conduct;

      g.   Identify each and every person defendant believes is also aware of the alleged misconduct of Plaintiff and the specific facts of which they are aware;

      h.   Identify each and every document which defendant relied upon in answering this Interrogatory;

      i.   Identify each and every document which defendant relied upon in concluding that plaintiff should be laid off, terminated, or discharged;

      j.   Annex to the Answers to these Interrogatories, if you will do so without an Order of the Court, or a formal Request For Production For Documents, each and every document identified in response to Interrogatory number 14c and 14d, above, and each and every other document which relates or refers to the Answers To Interrogatories in whole or in part, or which contains any information relative thereto.

ANSWER:

-9-

11. Identify each person who informed Plaintiff that s/he was separated from the employment of defendant.

ANSWER:


12. Has any Defendant or any person acting on behalf of any Defendant hired any person to perform any of the work previously performed by Plaintiff during his employment with any defendant? If the response is anything other than an unqualified "no", state or provide, with regard to each such person:

        a.  Full name;
        b.  Present residential address
        c.  Present employer name;
        d.  Present business address;
        e.  Job title;
        f.  Social security number;
        g.  Michigan drivers license number;
        h.  Name of his or her spouse, if any,
        i.  The date the defendant learned of the
            person;
        j.  Whether the person has given a written
            or other recorded/affirmed statement to
            anyone known to the defendant.

ANSWER:

-10-

13.   With regard to each or any witness(es) which may be
called upon to testify at the trial of this cause of action,
please state or provide, with regard to each such witness:

        a.    Full name;
        b.    Present residential address
        c.    Present employer name;
        d.    Present business address;
        e.    Job title;
        f.    Social security number;
        g.    Michigan drivers license number;
        h.    Name of his or her spouse, if any,
        i.    The date the defendant learned of the
              witness;
        j.    The sum and substance of the testimony to be
              offered through the witness;
        k.    Whether the witness has given a written
              or other recorded/affirmed statement to
              anyone known to the defendant.

ANSWER:

15.   With regard to each or any expert witness(es) which
may be called upon to testify at the trial of this cause of
action, please state or provide, with regard to each such
witness:

        a.    Full name;
        b.    Present residential address
        c.    Present employer name;
        d.    Present business address;
        e.    Name and address of each college
              or University attended including
              any postgraduate or fellowship
              education;

-11-

      f.   Date of attendance at each college
           or university attended;
      g.   Training in any specialty, including:
           (1)  Name of field(s), and
           (2)  Nature and length of training;
      h.   Degrees received, including:
           (1)  Date of each degree; and
           (2)  Any honors received;
      i.   Prior work experience of said expert
           for the past ten (10) years, including:
           (1)  Employer(s);
           (2)  Title or position;
           (3)  Duties and responsibilities;
           (4)  Special training or experience, and
           (5)  Any other experience which said expert
               will rely upon in formulating an
               opinion relative to this litigation.
      j.   The sum and substance of the testimony to be
           offered through the witness;
      k.   Whether the witness has given a written
           or other recorded/affirmed statement
           or opinion to anyone known to the defendant.

ANSWER:

16.  Have any of the above-listed experts ever

testified as expert witnesses before?  If so, please state:

      (a)  Number of court appearances in
             the past 10 years;
      (b)  Number of consultations involving
             legal actions in the past 10 years;
      (c)  Name of each case, court and party
             by whom said expert was called or
             consulted;
      (d)  Date of each appearance in court;
      (e)  Subject matter of testimony or
             expertise in each case;

-12-

(f)   Subject matter of each case; and
(g)   Whether said expert was, in prior
        cases, either challenged or denied.

ANSWER:

17.   State when each expert was first contacted by you in

this litigation and specifically state:

a.   Date and time;
b.   Manner of introduction;
c.   How you came to be aware of
      the availability of said
      expert, to act as an
      expert witness.

ANSWER:

18.   State what information was given to said expert to

allow him/her to formulate his/her opinion in this litigation?

ANSWER:

-13-

19.   With regard to each document, tangible thing or physical evidence which may be offered into evidence at the trial of this cause of action please state or provide, with regard to each such piece of evidence:

        a.   Name, last known residential address and telephone number of the person(s) who took first acquired the document or other physical thing;

        b.   Name, address, and telephone number of the last known employer of the person(s) who first acquired the document or other physical thing;

        c.   Name, address, and telephone number of the employer (on the date the document or other thing was acquired) of the person(s) who acquired the document or other thing;

        d.   The date of the document or other thing;

        e.   Name, last known residential address and telephone number of the present custodian of each document or other thing.

ANSWER:

20.   Has any Defendant, or any person acting on behalf of any defendant conducted any investigation, surveillance, monitoring, photographing, video taping, motion picture taping, or other visualization of the scene of the accident complained

-14-

of in Plaintiff's complaint, or the Plaintiff, or any other person, party, or object relevant to any issue in this litigation in the captioned matter?   If the response is anything other than an unqualified "no", state or provide, with regard to each such investigation or other activity mentioned in this paragraph:

    a. Name, last known residential address and telephone number of the investigator;

    b. Name, address and telephone number of the employer of the investigator on the date of the activity mentioned herein above;

    c.  Name, address and telephone number of the employer of the investigator at this time;

    d. The date defendant first learned of the investigation;

    e. Whether the investigator has authored a written report or otherwise affirmed or adopted statement;

    f. Name, address and telephone number of the present custodian of the written report, still or motion pictures or affirmed statement;

    g. Whether the investigator obtained any still, photographs, motion pictures, or written statements from or about anyone in the course of,  or in connection with the investigation.

ANSWER:

  21.   Set forth in detail each of the fringe benefits received by Plaintiff during her employment with any defendant. For each such benefit state or provide:

a.   Name of carrier of the benefit;
b.   Cost to defendant of the benefit;
c.   Effective date(s) of the benefit;
d.   Disposition of the benefit upon
     Plaintiff's separation from
     employment with any defendant;

RESPONSE:

22.   Set forth in detail the wage and/or salary history
of Plaintiff during her employment with any defendant.   For each
such wage or salary or provide:

a. Amount of the wage or salary;
b. Effective date(s) of the wage
   or salary;
c. Whether Plaintiff received any
   separation or severance pay
   upon separation from
   employment with any defendant;

RESPONSE:

                              LAW OFICES OF CHUI KAREGA

                              BY: CHUI KAREGA   (P27059)
                              Attorney for Plaintiff
                              19771 James Couzens Highway
                              Detroit, Michigan 48235-1937
Dated: December 20, 2010      (313) 864-0663

-16-

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

Plaintiff,

Case No. 10-014764-CD
Hon. Prentis Edwards

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

Defendants.

/

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:      (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:      (248) 901-4040 |

## **DEFENDANTS' ANSWER TO COMPLAINT**

**NOW COMES** Defendants, Cooperative Optical Services, Inc., Co/Op Optical Services,

Inc., Efficient & Reliable of Michigan, Inc. and ESOP Trust (hereinafter "Defendants"), by and

through their attorneys, Plunkett Cooney, and in answer to Plaintiff's Complaint, state as

follows:

Named Defendants, Efficient & Reliable of Michigan, Inc. and ESOP Trust are both non-

existent entities and were so at all times relevant to this matter.  Therefore, no answer should be

required from these former entities. However, to the extent an answer is deemed necessary, Efficient & Reliable of Michigan and ESOP Trust neither admit or deny each and every allegation in Plaintiff's Complaint, as they are without sufficient knowledge upon which to base a belief as to the truth of the allegations and leave Plaintiff to his strict proofs. Answering further, Defendants state as follows:

1.      Defendants do not answer paragraph 1, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer.

2.      Defendants do not answer paragraph 2, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer.

3.      No allegations set forth as paragraph 3.

4.      Defendants admit the allegations contained in paragraph 4.

5.      Defendants deny the allegations in paragraph 5, as untrue and contrary to both law and fact. Answering further, Defendants state that Efficient & Reliable of Michigan and the ESOP Trust are both terminated entities which no longer exist.

6.      Defendants deny the allegations in paragraph 6, as untrue and contrary to both law and fact.

7.      Defendants deny the allegations in paragraph 7, in the manner and form alleged, as untrue and contrary to both law and fact.

8.      Defendants deny the allegations in paragraph 8, as untrue and contrary to both law and fact.

9.      Defendants deny the allegations in paragraph 9, in the manner and form alleged, as untrue and contrary to both law and fact.

10.     Defendants deny the allegations in paragraph 10, in the manner and form alleged, as untrue and contrary to both law and fact.

11.     Defendants deny the allegations in paragraph 11, in the manner and form alleged, as untrue and contrary to both law and fact.

12.     Defendants deny the allegations in paragraph 12, in the manner and form alleged, as untrue and contrary to both law and fact.

13.     Defendants admit the allegations contained in paragraph 13.

14.     Defendants incorporate their answers to paragraphs 1 through 13, above, as if fully set forth herein.

15.     Defendants do not answer paragraph 15, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer.  However, to the extent paragraph 15 is seen as raising factual allegations of wrongdoing against Defendants, Defendants deny said allegations, in the manner and form alleged.

16.     Defendants deny the allegations in paragraph 16, as untrue and contrary to both law and fact.

17.     Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 17.

18.     Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 18.

**WHEREFORE**, Defendants request that this Court dismiss this matter with prejudice and award to Defendants their costs incurred in defense against this matter.

19.    Defendants incorporate their answers to paragraphs 1 through 18, above, as if fully set forth herein.

20.    Defendants do not answer paragraph 20, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer. However, to the extent paragraph 20 is seen as raising factual allegations of misconduct against these Defendants, Defendants deny said allegations, in the manner and form alleged.

21.    Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 21.

22.    Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 22.

**WHEREFORE**, Defendants request that this Court dismiss this matter with prejudice and award to Defendants, their costs incurred in defense against this matter.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a cognizable legal claim against Defendants under MCL 37.1102.

2.    Plaintiff has failed, in whole or in part, to adequately mitigate his damages.

3.    Any harm Plaintiff may have experienced was due to his own actions.

4

4.     Defendants reserve the right to amend their Affirmative Defenses as the basis for same is revealed in discovery.

Respectfully submitted,

PLUNKETT COONEY

By: _____
MARY PATRICIA CAULEY (P38548)
GARY W. FRANCIS (P64748)
PLUNKETT COONEY
Attorneys for Defendants
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4000

DATED: January 11, 2011

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

     Plaintiff,

v

                                  Case No. 10-014764-CD
                                  Hon. Prentis Edwards

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

     Defendants.

| | |
|---|---|
| CHUI KAREGA (P27059)<br>LAW OFFICES OF CHUI KAREGA<br>Attorneys for Plaintiff<br>19771 James Couzens Highway<br>Detroit, MI 48235-1977<br>Phone: (313) 864-0663<br>Fax: (313) 864-1056 | MARY PATRICIA CAULEY (P38548)<br>GARY W. FRANCIS (P64748)<br>PLUNKETT COONEY<br>Attorneys for Defendants<br>38505 Woodward Ave., Suite 2000<br>Bloomfield Hills, MI 48304<br>Phone: (248) 901-4000<br>Fax: (248) 901-4040 |

## **PROOF OF SERVICE**

    The undersigned certifies that on this 11th day of January 2011 a copy of **Defendants'** **Answer to Complaint, Affirmative Defenses and Proof of Service** were served upon the attorneys of record of all parties to the above cause by mailing the same to them at their respective business addresses as disclosed by the pleadings of the record herein, with postage fully prepaid thereon.

    I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

Laura Porter

Open.P0118.P0118.10614371-1

4.      Defendants reserve the right to amend their Affirmative Defenses as the basis for same is revealed in discovery.

Respectfully submitted,

PLUNKETT COONEY

By: _____
       MARY PATRICIA CAULEY (P38548)
       GARY W. FRANCIS (P64748)
       PLUNKETT COONEY
       Attorneys for Defendants
       38505 Woodward Ave., Suite 2000
       Bloomfield Hills, MI 48304
       (248) 901-4000

DATED:  January 11, 2011

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

      Plaintiff,

                                          Case No. 10-014764-CD
                                          Hon. Prentis Edwards

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

      Defendants.

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:    (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:    (248) 901-4040 |

## **PROOF OF SERVICE**

    The undersigned certifies that on this 11th day of January 2011 a copy of **Defendants'** **Answer to Complaint, Affirmative Defenses and Proof of Service** were served upon the attorneys of record of all parties to the above cause by mailing the same to them at their respective business addresses as disclosed by the pleadings of the record herein, with postage fully prepaid thereon.

    I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

Laura Porter

Open.P0118.P0118.10614371-1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

     Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

     Defendants.

.VIS, BERNARD M v COOPERATIVE OP
n. Prentis Edwards          12/20/2010
10-014764-CD

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:      (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:      (248) 901-4040 |

## DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

    **NOW COMES** Defendants, Cooperative Optical Services, Inc., Co/Op Optical Services,

Inc., Efficient & Reliable of Michigan, Inc. and ESOP Trust (hereinafter "Defendants"), by and

through their attorneys, Plunkett Cooney, and in their First Amended Answer to Complaint, state

as follows:

    Named Defendants, Efficient & Reliable of Michigan, Inc. and ESOP Trust are both non-

existent entities and were so at all times relevant to this matter.  Therefore, no answer should be

required from these former entities. However, to the extent an answer is deemed necessary, Efficient & Reliable of Michigan and ESOP Trust neither admit or deny each and every allegation in Plaintiff's Complaint, as they are without sufficient knowledge upon which to base a belief as to the truth of the allegations and leave Plaintiff to his strict proofs. Answering further, Defendants state as follows:

1.      Defendants do not answer paragraph 1, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer.

2.      Defendants do not answer paragraph 2, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer.

3.      No allegations set forth as paragraph 3.

4.      Defendants admit the allegations contained in paragraph 4.

5.      Defendants deny the allegations in paragraph 5, as untrue and contrary to both law and fact. Answering further, Defendants state that Efficient & Reliable of Michigan and the ESOP Trust are both terminated entities which no longer exist.

6.      Defendants deny the allegations in paragraph 6, as untrue and contrary to both law and fact.

7.      Defendants deny the allegations in paragraph 7, in the manner and form alleged, as untrue and contrary to both law and fact.

8.      Defendants deny the allegations in paragraph 8, as untrue and contrary to both law and fact.

9.     Defendants deny the allegations in paragraph 9, in the manner and form alleged, as untrue and contrary to both law and fact.

10.    Defendants deny the allegations in paragraph 10, in the manner and form alleged, as untrue and contrary to both law and fact.

11.    Defendants deny the allegations in paragraph 11, in the manner and form alleged, as untrue and contrary to both law and fact.

12.    Defendants deny the allegations in paragraph 12, in the manner and form alleged, as untrue and contrary to both law and fact.

13.    Defendants deny the allegations in paragraph 13, in the manner and form alleged, as untrue and contrary to both law and fact.

14.    Defendants incorporate their answers to paragraphs 1 through 13, above, as if fully set forth herein.

15.    Defendants do not answer paragraph 15, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer. However, to the extent paragraph 15 is seen as raising factual allegations of wrongdoing against Defendants, Defendants deny said allegations, in the manner and form alleged.

16.    Defendants deny the allegations in paragraph 16, as untrue and contrary to both law and fact.

17.    Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 17.

18.    Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 18.

3

**WHEREFORE**, Defendants request that this Court dismiss this matter with prejudice and award to Defendants their costs incurred in defense against this matter.

19.     Defendants incorporate their answers to paragraphs 1 through 18, above, as if fully set forth herein.

20.     Defendants do not answer paragraph 20, as this paragraph raises no factual allegations against Defendants, but attempts merely to state a conclusion of law and does not, therefore, require an answer. However, to the extent paragraph 20 is seen as raising factual allegations of misconduct against these Defendants, Defendants deny said allegations, in the manner and form alleged.

21.     Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 21.

22.     Defendants deny that Plaintiff has suffered any damages as a result of any alleged unlawful act of Defendants, and, therefore, deny the allegations in paragraph 22.

**WHEREFORE**, Defendants request that this Court dismiss this matter with prejudice and award to Defendants, their costs incurred in defense against this matter.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a cognizable legal claim against Defendants under MCL 37.1102.

2.     Plaintiff has failed, in whole or in part, to adequately mitigate his damages.

3.     Any harm Plaintiff may have experienced was due to his own actions.

4

4.     Defendants reserve the right to amend their Affirmative Defenses as the basis for

same is revealed in discovery.

Respectfully submitted,

PLUNKETT COONEY

By: _____
     MARY PATRICIA CAULEY (P38548)
     GARY W. FRANCIS (P64748)
     PLUNKETT COONEY
     Attorneys for Defendants
     38505 Woodward Ave., Suite 2000
     Bloomfield Hills, MI 48304
     (248) 901-4000

DATED:  January 13, 2011

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BERNARD M. DAVIS,

      Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

      Defendants.

VIS, BERNARD M v COOPERATIVE OP
n. Prentis Edwards          12/20/2010

**10-014764-CD**

---

| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
|---|---|
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone:  (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:     (313) 864-1056 | Phone:  (248) 901-4000 |
| | Fax:     (248) 901-4040 |

---

## PROOF OF SERVICE

    The undersigned certifies that on this 13th day of January 2011 a copy of **Defendants' First Amended Answer to Complaint, Affirmative Defenses and Proof of Service** were served upon the attorneys of record of all parties to the above cause by mailing the same to them at their respective business addresses as disclosed by the pleadings of the record herein, with postage fully prepaid thereon.

    I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

Laura Porter

Open.17606.10096.10614371-1