UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD M. DAVIS,

    Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

    Defendants.

No. 2:11-cv-10176-DPH-VMM
Hon. Denise Page Hood

Lower Case No. 10-014764-CD
Removed on January 13, 2011

_____/

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone: (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax:     (313) 864-1056 | Phone: (248) 901-4000 |
| | Fax:     (248) 901-4040 |

_____/

**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

1

2

**NOW COME** Defendants, Cooperative Optical Services, Inc., Co/Op Optical Services, Inc., Efficient & Reliable of Michigan, Inc. and ESOP Trust, by and through their attorneys, Plunkett Cooney, and request this Court dismiss Plaintiff's claim under the Persons With Disabilities Civil Rights Act pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in the accompanying brief.

Concurrence was sought on January 25, 2011 and not obtained, requiring this motion.

                                      Respectfully submitted,

                                      **PLUNKETT COONEY**

                    By:    _/s/Mary Patricia Cauley_____
                           MARY PATRICIA CAULEY (P38548)
                           Attorneys for Defendant
                           38505 Woodward Avenue, Suite 2000
                           Bloomfield Hills, MI  48304
                           (248) 901-4062

Dated:  January 25, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD M. DAVIS,

    Plaintiff,

v

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., a Michigan corporation,
and ESOP TRUST, jointly and severally,

    Defendants.

No. 2:11-cv-10176-DPH-VMM
Hon. Denise Page Hood

Lower Case No. 10-014764-CD
Removed on January 13, 2011

_____/

| | |
|---|---|
| CHUI KAREGA (P27059) | MARY PATRICIA CAULEY (P38548) |
| LAW OFFICES OF CHUI KAREGA | GARY W. FRANCIS (P64748) |
| Attorneys for Plaintiff | PLUNKETT COONEY |
| 19771 James Couzens Highway | Attorneys for Defendants |
| Detroit, MI 48235-1977 | 38505 Woodward Ave., Suite 2000 |
| Phone: (313) 864-0663 | Bloomfield Hills, MI 48304 |
| Fax: (313) 864-1056 | Phone: (248) 901-4000 |
| | Fax: (248) 901-4040 |

_____/

**BRIEF IN SUPPORT OF**
**<u>DEFENDANTS' MOTION FOR PARTIAL DISMISSAL</u>**

3

## STATEMENT OF THE ISSUE PRESENTED

1. Should Plaintiff's claim under the Persons With Disabilities Civil Rights Act be dismissed because Plaintiff has failed to state a claim upon which relief can be granted?

    Defendants answer: "Yes"

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Ashcroft v. Iqbal,* __ U.S. __; 129 S. Ct. 1937; 173 L. Ed.2d 868 (2009)

*Chiles v. Machine Shop, Inc.*, 238 Mich. App. 462; 606 N.W.2d 398 (1999)

*Greenan v. Romeo Village Police Department*, 819 F. Supp. 658 (E.D. Mich. 1993)

*Lee v. Western Reserve Psychiatric Habilitation Ctr.,* 747 F.2d 1062 (6th Cir. 1984)

**Statutes**

M.C.L. 37.1103(d)(i)(A)

M.C.L. 37.1202(9)(b)

**Rules**

Fed. R. Civ. P. 12(b)(6)

## I.  INTRODUCTION

Plaintiff, Bernard M. Davis (hereinafter "Plaintiff") filed a complaint against Defendants (hereinafter "Complaint").  The Complaint contains two counts.  The second count, which is the subject of this Motion, is for violation of the Persons With Disabilities Civil Rights Act (hereinafter "PWDCRA").  (Complaint at ¶¶ 19-22).  Plaintiff has failed to allege the necessary elements of a PWDCRA violation and as a result has failed to state a claim on which relief can be granted.  Dismissal of the PWDCRA claim is proper pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  ARGUMENT

### A.  Standard of Review

To avoid dismissal, Plaintiff's Complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal,* __ U.S. __; 129 S. Ct. 1937, 1949; 173 L. Ed.2d 868 (2009) (internal citation omitted).  The Complaint should be dismissed if Plaintiff cannot prove a set of facts in support of his claim that would entitle him to relief.  *Lee v. Western Reserve Psychiatric Habilitation Ctr.,* 747 F.2d 1062, 1065 (6th Cir. 1984); *see also Greenan v. Romeo Village Police Department*, 819 F. Supp. 658, 665 (E.D. Mich. 1993).

### B.  Dismissal of Plaintiff's PWDCRA Claim is Proper

In order to state a legally cognizable claim under the PWDCRA, "a plaintiff must show that (1) he is 'disabled' as defined by the statute, (2) the disability is unrelated to the plaintiff's ability to perform the duties of a particular job, and (3) the plaintiff has been discriminated against in one of the ways set forth in the statute."  *Chiles v. Machine Shop, Inc.*, 238 Mich. App. 462, 473; 606 N.W.2d 398 (1999).

6

*1.      Plaintiff Has Not Claimed He is "Disabled" as Defined by the Statute*

"[N]ot every impairment rises to the level of a disability under the PWDCRA. The impairment must meet the requirements of the statutory definition of 'disability.'" *Id*. at 474.  The PWDCRA defines "disability" as a "determinable physical or mental characteristic of an individual, which may result from . . . injury . . . if the characteristic . . . substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position or substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's qualifications for employment or promotion."  M.C.L. 37.1103(d)(i)(A).

The only allegation Plaintiff has made that is arguably relevant to his PWDCRA claim is that "Plaintiff experienced an occupational injury in the employ of defendants." (Complaint at ¶ 9).  This allegation is insufficient to claim he was disabled within the meaning of the PWDCRA.  Plaintiff has not alleged he had a "determinable physical or mental characteristic" that resulted from his alleged injury, as required to claim a disability under the PWDCRA.  Plaintiff has not identified any of his major life activities that have been limited by any alleged "determinable physical or mental characteristic," as required to claim a disability under the PWDCRA.  On a similar note, Plaintiff has not claimed *how* any alleged "determinable physical or mental characteristic" "substantially limits 1 or more of" Plaintiff's alleged major life activities, as required to claim a disability under the PWDCRA. (Emphasis added).  Dismissal of the PWDCRA claim is proper, in part, as a result of Plaintiff's failure to allege the first element of the claim.

**2.    *Plaintiff Has Not Claimed His Alleged Disability is Unrelated to Plaintiff's Ability to Perform the Duties of a Particular Job.***

Plaintiff has not claimed any alleged "determinable mental or physical characteristic" that resulted from any alleged injury that limits one or more of his substantial life activities is unrelated to his ability to perform the duties of a particular job or position or is unrelated to Plaintiff's qualifications for employment promotion, as required by the PWDCRA. Dismissal of the PWDCRA claim is proper, in part, as a result of Plaintiff's failure to allege the second element of the claim.

**3.    *Plaintiff Has Not Claimed He Was Discriminated Against in One of the Ways Set Forth in the Statute.***

Plaintiff has claimed he "suffered the indignity of discrimination" as a result of Defendants' conduct. (Complaint at ¶ 21). This allegation is insufficient to claim Plaintiff was discriminated against in one of the ways set forth in the PWDCRA. To claim discrimination under the PWDCRA, Plaintiff is required to allege he was discriminated against "with respect to compensation or the terms, conditions, or privileges of employment, because of a disability . . . that is unrelated to the individual's ability to perform the duties of a particular job or position." M.C.L. 37.1202(9)(b). Plaintiff has not alleged that any alleged discrimination was "unrelated to his ability to perform the duties of a particular job or position." *Id*. As a result of Plaintiff's failure to allege the third element of a PWDCRA claim, in part, dismissal of the claim is proper.

### III.    CONCLUSION

**WHEREFORE,** Defendants respectfully request that this Court grant Defendants' Motion for Partial Dismissal, dismiss Plaintiff's PWDCRA claim with

prejudice, and award sanctions and costs to Defendants as appropriate for having to defend against this frivolous claim.

          Respectfully submitted,

          **PLUNKETT COONEY**

By:   /s/Mary Patricia Cauley
       MARY PATRICIA CAULEY (P38548)
       Attorneys for Defendant
       38505 Woodward Avenue, Suite 2000
       Bloomfield Hills, MI 48304
       (248) 901-4062

Dated: January 25, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2011, I electronically filed the foregoing *Motion for Partial Dismissal* and this Certificate of Service with the Clerk of the Court using the ECF filing system which will send notification of such filing to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to any non-ECF filing participants:

          Respectfully submitted,

          PLUNKETT COONEY

By:   /s/Mary Patricia Cauley
       MARY PATRICIA CAULEY (P38548)
       Attorneys for Defendant
       38505 Woodward Avenue, Suite 2000
       Bloomfield Hills, MI 48304
       (248) 901-4062

Open.17606.10096.10625350-1