```
                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION
```

BERNARD DAVIS,

       Plaintiff,

 -v-                             Case No. **2:11-cv-10176-DPH-VMM**
                                   Hon. Denise Page Hood
                           Magistrate Judge Virginia M. Morgan

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., ESOP TRUST,
jointly and severally,

       Defendants.
_____/

| LAW OFFICES OF CHUI KAREGA | PLUNKETT COONEY |
|---|---|
| BY: CHUI KAREGA (P27059) | BY: MARY PATRICIA CAULEY (P38548) |
| Attorney for Plaintiff | Attorney for Defendants |
| 19771 James Couzens Highway | 38505 Woodward Avenue, Suite 2000 |
| Detroit, Michigan 48235-1937 | Bloomfield Hills, Michigan 48304 |
| (313) 864-0663 | (248) 901-4000 |
| ck27059@msn.com | |

_____

## PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL DISMISSAL

    **NOW COMES** Plaintiff, Bernard Davis, by and through his attorney, CHUI KAREGA (P27059) in opposition to the Motion For Partial Dismissal of the Persons With Disabilities Civil Rights Act for the reason set forth in the accompanying brief.

                                    LAW OFFICES OF CHUI KAREGA
                                           /s/ Chui Karega
                                    BY: CHUI KAREGA (P27059)
                                   Attorney for Plaintiff
                                   19771 James Couzens Highway
                                   Detroit, Michigan 48235-193
Dated: March 3, 2011             (313) 864-0663
                                   ck27059@msn.com

```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION
```

BERNARD DAVIS,

       Plaintiff,

  -v-                             Case No. 2:11-cv-10176-DPH-VMM
                                Hon. Denise Page Hood
                          Magistrate Judge Virginia M. Morgan

COOPERATIVE OPTICAL SERVICES, INC.,
CO/OP OPTICAL SERVICES, INC.,
a corporation, EFFICIENT & RELIABLE
OF MICHIGAN, INC., ESOP TRUST,
jointly and severally,

       Defendants.
_____/

| LAW OFFICES OF CHUI KAREGA | PLUNKETT COONEY |
|---|---|
| BY: CHUI KAREGA (P27059) | BY: MARY PATRICIA CAULEY (P38548) |
| Attorney for Plaintiff | Attorney for Defendants |
| 19771 James Couzens Highway | 38505 Woodward Avenue, Suite 2000 |
| Detroit, Michigan 48235-1937 | Bloomfield Hills, Michigan 48304 |
| (314) 864-0663 | (248) 901-4000 |
| ck27059@msn.com | |

_____

## **PLAINTIFF'S RESPONSE TO<br>MOTION FOR PARTIAL DISMISSAL**

    Defendants have filed a Motion For Partial Dismissal upon the filing of this matter. The claim is made in the motion alleging the complaint is defective; failing to state a claim upon which relief can be granted.

    Defendants claim Plaintiff has not alleged disability; and therefore has not set forth a claim upon which relief can be granted.

For reasons stated herein, the motion should be denied. Alternatively, the court should permit Plaintiff to file an amended complaint.

## LAW AND ARGUMENT I

## PLAINTIFF'S COMPLAINT IS NOT DEFECTIVE

Defendants contend Plaintiff's complaint is defective for not alleging the term "disability."

Plaintiff's complaint is adequate in the it sets forth the occurrence of a May, 2010 occupational injury that caused Plaintiff to seek leave under the Family Medical Leave Act of 1993, 29 USC 2601, et seq.

The content of a complaint initiating a lawsuit is governed by rule 8(a)(2) of the Federal Rules of Civil Procedure, providing:

> ". . . complaint must contain a short and plain statement showing pleader is entitled to relief."

Detailed factual allegations are not required to appear in the complaint. Bell Atlantic Corp. v. Tromby, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed 2d 923 (2009)  The requirement of pleading is to allow the court to draw a reasonable inference that defendant is liable for the misconduct alleged. Bell, supra at 556

-2-

This court should be guided by the decision of the 6th Circuit in Ross v. Campbell Soup Co., 237 F.3d 701, 706 (6th Cir. 2001) describing disability:

> ". . . An individual may fall into the definition of one regarded as having a disability if an employer ascribes to that individual an inability to perform the functions of a job because of a medical condition . . ."

While the Ross standard interpreted the Americans With Disabilities Act and dealt with the employers misperception of Plaintiff's ability; it applies in this case.

When Plaintiff notified defendant of his need for leave due to his medical condition; he was obviously perceived by his employer as being substantially limited in the major life activity of working, and therefore disabled under the Persons With Disabilities Civil Rights Act, as amended, MCLA 37.1102, et seq.

In fact, Plaintiff was so limited, and should have been afforded the opportunity to perfect a leave under the Family Medical Leave Act.

Moreover, under Michigan law MCLA 37.1103(d)(iii) perceived impairments are covered by the act, without regard to actual disability  Chiles v. Machine Shop, Inc., 238 Mich App 462, 606 NW2d 398 (1999)  See also Michalski v. Bar-Levav, 463 Mich 723,

-3-

625 NW2d 754 (2001)

## LAW AND ARGUMENT II

### IN THE EVENT PLAINTIFF'S COMPLAINT IS IN NEED OF CLARITY PLAINTIFF REQUEST LEAVE TO AMEND

Plaintiff's complaint is adequate in the it sets forth the Plaintiff in this action alleges he was regarded as disabled in violation of the state statute, and entitled to maintain this action.

However, should the court disagree; Plaintiff request leave to amend the complaint, in lieu of the penalty of dismissal. No prejudice will result to defendants.

LAW OFFICES OF CHUI KAREGA

/s/   Chui Karega
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
19771 James Couzens Highway
Detroit, Michigan 48235-193
Dated: March 3, 2011      (313) 864-0663
ck27059@msn.com

### STATEMENT REGARDING SERVICE

Chui Karega says that on the 3rd day of March, 2011 he did present the RESPONSE BRIEF, and PROOF OF **SERVICE** for filing and uploading to the ECF system which will send notification of such filing to the following:

Mary Patricia Cauley
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, Michigan 48304

/s/
CHUI KAREGA